IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE CHAMBERLAIN GROUP, INC., and JOHNSON CONTROLS INTERIORS LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No.05 C 3449 |
| LEAR CORPORATION, and FORD MOTOR COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, as patentee, has sued for infringement. Johnson Controls Interior LLC (JCI) has joined as a plaintiff, and defendant Lear Corporation (Lear) has moved to dismiss JCI for lack of standing. That motion is denied.

The Federal Circuit, viewing standing as a prudential concern, has developed three separate scenarios of licensee standing. In one, when all substantial rights are assigned, including an unrestricted right to sue for infringement, the exclusive licensee is deemed the effective patentee and may sue without joining that patentee. Prima Tek II, L.L.C. v. A-Roo Co., 222 F.3d 1372, 1377 (Fed. Cir. 2000). In another, the licensee, generally an exclusive licensee, has fewer than all substantial rights. It may sue for infringement only if it brings in the patentee as an indispensable party. But when the patentee has given no express or implied promise to exclude others and the licensee has only a "bare" license, it has no standing to sue even if it joins the patentee. Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1552-53 (Fed. Cir. 1995).

The JCI license agreement purports to grant an exclusive license in the Licensed Field of Use. If the patentee decides to issue a license outside the Licensed Field of Use, JCI has a

right of first refusal. A royalty rate adjustment is to be made if the patentee grants a license to another after the JCI license term expires or the license becomes non-exclusive because of a judicial determination or a settlement, or by governmental action. The patentee has the obligation to initiate infringement actions and, if it fails to do so and if the infringement exceeds 50,000 units per year, JCI has the right to file suit.

Emphasizing the provision that the patentee may grant a license to settle a lawsuit, Lear contends that JCI is a "bare" licensee. We disagree. We are not at all sure that the patentee could issue a license to settle a lawsuit if doing so would be unreasonable in light of JCI's exclusive license. In any event, at the present time JCI has an exclusive license – all others are excluded. While it has fewer than all substantial rights, it has enough to join in a suit by the patentee. Its rights extend beyond those held by the licensee in Abbott Laboratories v. Diamedix Corp., 47 F.3d 1128, 1132-33 (Fed. Cir. 1995), which were subject to some prior non-exclusive licenses, and to manufacture and sale by the patentee, and in Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc., 248 F.3d 1333 (Fed. Cir. 2001) (IPD), which were subject to a prior non-exclusive license.

IPD turned, for instruction, to Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The Lujan factors are also present here. JCI has an exclusive license and it will suffer an injury in fact of a legally-protected interest that is concrete and particularized and also actual if another infringes. There is a casual connection between any infringement and injury. And that injury can be redressed by a favorable decision.

Plaintiffs also seek to amend the protective order, but we think that should be addressed by the parties directly now that the status of JCI has been determined. We recognize that discovery can be complicated by the competitive status of the parties, but

infringement actions are generally between competitors, and the management of the case takes that into consideration.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 19, 2005.