IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE CHAMBERLAIN GROUP, INC., )
and JOHNSON CONTROLS )
INTERIORS, LLC, )
                                            )
          Plaintiffs,      )
                                           )
vs. ) No. 05 C 3449
                                           )
LEAR CORPORATION, )
                                           )
          Defendant.       )

## MEMORANDUM OPINION AND ORDER

On April 25, 2007, we issued a preliminary injunction order that carved out an exception for Car 2U units sold to General Motors "in no greater quantity than is necessary to fulfill General Motors' actual production requests for General Motors' vehicle programs currently incorporating the Car 2U product." According to defendants, that covers twelve programs. According to plaintiffs, it covers nine programs. The parties disagree about what "currently incorporating" means.

Defendant claims "currently incorporating" includes all programs for which General Motors and it had agreed to use the Car 2U product, even though the use would not commence until sometime in the future. Plaintiffs claim the exception extends only to programs wherein the product is currently being used in production vehicles.

Two programs, GMT 222/272 and H2 MCE, were having 2U units installed in prototype vehicles for 2008 at the time the injunction was entered (and long after General Motors was aware of this litigation), but installation in 2008 production vehicles was not scheduled until June and July of this year. A third is described as a platform or the "Global

Epsilon/Theta Program." Units are scheduled for installation in 2009 prototype vehicles shortly, but it will be a year before they will be installed in production vehicles.

We conclude that the process has advanced for the GMT 222/272 and H2 MCE programs to the point that it makes sense to include them within the exception, particularly as easily determined money damages can make plaintiff whole if the exception was improvident. The "platform" is, however, effectively operative so far in the future that there is no compelling reason to include that within the exception.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 6, 2007.