UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE CHAMBERLAIN GROUP, INC.,** a Connecticut corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff/Counterclaim Defendant, |
| And |
| **JOHNSON CONTROLS INTERIORS LLC,** a Michigan limited liability company, |
| Plaintiff |
| v. |
| **LEAR CORPORATION,** a Delaware corporation, |
| Defendant/Counterclaim Plaintiff. |

Civil Action No. 05-cv-3449

Judge James Moran

**JURY TRIAL DEMANDED**

### DEFENDANT LEAR CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, DEENSES, AND COUNTERCLAIM

Defendant Lear Corporation ("Lear") by and through its attorneys hereby answers Plaintiffs The Chamberlain Group, Inc. ("Chamberlain") and Johnson Controls Interiors LLC's ("JCI") Second Amended Complaint as follows:

1. Chamberlain is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Elmhurst, Illinois.

   ANSWER: Lear lacks information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore, Lear denies the allegations of paragraph 1.

2. JCI is a limited liability company incorporated under the laws of the State of Michigan, with its principal place of business in Holland, Michigan.

ANSWER: Lear lacks information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore, Lear denies the allegations of paragraph 2.

3. JCI and Chamberlain entered into a license agreement dated October 1, 2004. In the license agreement, Chamberlain granted to JCI an exclusive worldwide license to certain intellectual property for JCI to make, use, sell, offer for sale, import and otherwise commercialize the products sold by JCI within the field of use defined as radio frequency transmitters and/or transceivers developed for or sold to automotive OEMs for integration into vehicles ("the Field of Use").

ANSWER: Lear lacks information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore, Lear denies the allegations of paragraph 3.

4. Lear is a corporation incorporated under the laws of the State of Delaware. It has a principal place of business at 21557 Telegraph Road, Southfield, Michigan 48034. It is registered to do business in Illinois at CT Corporation, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604-1101.

ANSWER: Lear admits the allegation of paragraph 4.

5. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 *et seq*.

ANSWER: Lear admits the allegation of paragraph 5.

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

ANSWER: Lear admits the allegation of paragraph 6.

7. This Court has personal jurisdiction over Lear. Venue in this judicial district is proper under 28 U.S.C. § 1391.

ANSWER: Lear admits the allegation of paragraph 7.

## COUNT I

## INFRINGEMENT OF PATENT NO. 6,154,544

8. The allegations of paragraphs 1-7 are incorporated as though fully set forth herein.

ANSWER: Lear incorporates by references its answers to paragraphs 1-7 as though fully set forth herein.

9. On November 28, 2000, U.S. Patent No. 6,154,544 ("the '544 Patent") entitled **"***Rolling Code Security System"* was duly and legally issued to Chamberlain, on an application filed by Bradford L. Farris and James J. Fitzgibbon. A copy of the '544 patent is attached as Exhibit A.

ANSWER: Lear admits that on its face, U.S. Patent No. 6,154,544 issued on November 28, 2000 and is entitled "Rolling Code Security System." Except as expressly admitted, Lear denies the allegations of 9.

10. Chamberlain is the owner of all right, title and interest in the '544 Patent. JCI is the exclusive licensee in the Field of Use.

ANSWER: Lear lacks information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore, Lear denies the allegations of paragraph 10.

11. Lear has been, and is willfully infringing, directly and/or equivalently, the '544 Patent by making, using, offering to sell, and/or selling, within the United States, and/or importing into the United States, transmitters to be installed in automobiles made by OEMs for actuating garage door operators made by Chamberlain; by inducing others to infringe the '544 Patent; and/or by contributing to the infringement by others of the '544 Patent. Unless enjoined by the Court, Lear will continue to infringe, induce the infringement of, and/or contributorily infringe the '544 Patent.

ANSWER: Lear admits that it is making, using, offering to sell, and/or selling within the United States transmitters to be installed in automobiles made by OEMs for actuating garage door operators made by Chamberlain and other manufacturers of garage door openers. Lear denies that these activities infringe, induce infringement, or contribute to the infringement by others of any valid and enforceable claim of the '544 patent. Lear also denies that Plaintiffs are entitled to any injunctive relief. Except as expressly admitted, Lear denies the allegations of paragraph 11.

-3-

12. Defendant's acts of infringement have injured and damaged JCI and Chamberlain.

ANSWER: Lear denies the allegations of paragraph 12.

13. Defendant's infringement has caused irreparable injury to JCI and Chamberlain and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.

ANSWER: Lear denies the allegations of paragraph 13.

## COUNT II

## INFRINGEMENT OF PATENT NO. 6,810,123

14. The allegations of paragraphs 1-7 are incorporated as though fully set forth herein.

ANSWER: Lear incorporates by references its answers to paragraphs 1-7 as though fully set forth herein.

15. On October 26, 2004, U.S. Patent No. 6,810,123 ("the '123 Patent") entitled *"Rolling Code Security System"* was duly and legally issued to Chamberlain, on an application filed by Bradford L. Farris and James J. Fitzgibbon. A copy of the '123 patent is attached as Exhibit B.

ANSWER: Lear admits that on its face, U.S. Patent No. 6,810,123 issued on October 26, 2004 and is entitled "Rolling Code Security System." Except as expressly admitted, Lear denies the allegations of 15.

16. Chamberlain is the owner of all right, title and interest in the '123 Patent.

ANSWER: Lear lacks information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore, Lear denies the allegations of paragraph 16.

17. JCI is the exclusive licensee in the Field of Use.

> ANSWER: Lear lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore, Lear denies the allegations of paragraph 17.

18. Lear has been, and is willfully infringing, directly and/or equivalently, the '123 Patent by making, using, offering to sell, and/or selling, within the United States, and/or importing into the United States, transmitters to be installed in automobiles made by OEMs for actuating garage door operators made by Chamberlain; by inducing others to infringe the '123 Patent; and by contributing to the infringement by others of the '123 Patent. Unless enjoined by the Court, Lear will continue to infringe, induce the infringement of, and contributorily infringe the '123 Patent.

> ANSWER: Lear admits that it is making, using, offering to sell, and/or selling within the United States transmitters to be installed in automobiles made by OEMs for actuating garage door operators made by Chamberlain and other manufacturers of garage door openers. Lear denies that these activities infringe, induce infringement, or contribute to the infringement by others of any valid and enforceable claim of the '123 patent. Lear also denies that Plaintiffs are entitled to any injunctive relief. Except as expressly admitted, Lear denies the allegations of paragraph 18.

19. Defendant's acts of infringement have injured and damaged JCI and Chamberlain.

> ANSWER: Lear denies the allegations of paragraph 19.

20. Defendant's infringement has caused irreparable injury to JCI and Chamberlain and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.

> ANSWER: Lear denies the allegations of paragraph 20.

## COUNT III

## INFRINGEMENT OF PATENT No. 7,412,056

21. The allegations of paragraphs 1-7 are incorporated as though fully set forth herein.

> ANSWER: Lear incorporates by references its answers to paragraphs 1-7 as though fully set forth herein.

22. On August 12, 2008, U.S. Patent No. 7,412,056 ("the '056 Patent") entitled *"Rolling Code Security System"* was duly and legally issued to Chamberlain, on an application filed by Bradford L. Farris and James J. Fitzgibbon. A copy of the '056 patent is attached as Exhibit C.

> ANSWER: Lear admits that on its face, U.S. Patent No. 7,412,056 issued on August 12, 2008 and is entitled "Rolling Code Security System." Except as expressly admitted, Lear denies the allegations of 22.

23. Chamberlain is the owner of all right, title and interest in the '056 Patent.

> ANSWER: Lear lacks information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore, Lear denies the allegations of paragraph 23.

24. JCI is the exclusive licensee in the Field of Use.

> ANSWER: Lear lacks information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore, Lear denies the allegations of paragraph 24.

25. Lear has been, and is willfully infringing, directly and/or equivalently, the '056 Patent by making, using, offering to sell, and/or selling, within the United States, and/or importing into the United States, transmitters to be installed in automobiles made by OEMs for actuating garage door operators made by Chamberlain; by inducing others to infringe the '056 Patent; and/or by contributing to the infringement by others of the '056 Patent. Unless enjoined by the Court, Lear will continue to infringe, induce the infringement of, and/or contributorily infringe the '056 Patent.

> ANSWER: Lear admits that it is making, using, offering to sell, and/or selling within the United States transmitters to be installed in automobiles made by OEMs for actuating garage door operators made by Chamberlain and other manufacturers of garage door openers. Lear denies that these activities

infringe, induce infringement, or contribute to the infringement by others of any valid and enforceable claim of the '056 patent. Lear also denies that Plaintiffs are entitled to any injunctive relief. Except as expressly admitted, Lear denies the allegations of paragraph 25.

26.　Defendant's acts of infringement have injured and damaged JCI and Chamberlain.

ANSWER:　Lear denies the allegations of paragraph 26.

27.　Defendant's infringement has caused irreparable injury to JCI and Chamberlain and will continue to cause irreparable injury until Defendant is enjoined from further infringement by this Court.

ANSWER:　Lear denies the allegations of paragraph 27.

### AFFIRMATIVE DEFENSE

Lear asserts the following affirmative defenses against the claims made by Chamberlain and JCI: Lear does not assume a burden on any of these defenses.

### First Defense

The claims of the 6,145,544, 6,810,123, and 7,412,056 patents are invalid and void for failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.* and more particularly fail to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and 112 thereof.

### Second Defense

By reason of proceedings in the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the 6,145,544, 6,810,123, and 7,412,056 patents, Chamberlain and JCI are estopped from asserting that Lear has infringed or is infringing the 6,145,544, 6,810,123, and 7,412,056 patents.

### Third Defense

The 6,145,544, 6,810,123, and 7,412,056 patents are unenforceable because of inequitable conduct in the prosecution of the applications which led to the issuance of the 6,145,544 patent, in that the inventors, their assign, and their attorneys intentionally failed to disclose material prior art for the purpose of deceiving the USPTO into issuing the 6,145,544 patent. These allegations are described in detail in paragraphs 26 through 38 of Lear's Counterclaim IV and incorporated herein by reference.

### Fourth Defense

The 6,145,544, 6,810,123, and 7,412,056 patents are unenforceable because of inequitable conduct in the prosecution of the applications which led to the issuance of the 6,810,123 patent, in that the inventors, their assign, and their attorneys intentionally failed to disclose material prior art for the purpose of deceiving the USPTO into issuing the 6,810,123 patent. These allegations are described in detail in paragraphs 26 through 38 of Lear's Counterclaim IV and incorporated herein by reference.

### Fifth Defense

The 6,145,544, 6,810,123, and 7,412,056 patents are unenforceable because of inequitable conduct in the prosecution of the applications which led to the issuance of the 7,412,056 patent, in that the inventors, their assign, and their attorneys intentionally failed to disclose material prior art for the purpose of deceiving the USPTO into issuing the 7,412,056 patent. These allegations are described in detail in paragraphs 26 through 38 of Lear's Counterclaim IV and incorporated herein by reference.

**Sixth Defense**

Pursuant to 35 U.S.C. § 287(a), Plaintiff is precluded from recovering damages for infringement of the 6,145,544, 6,810,123, and 7,412,056 patents, if any, until the date Plaintiff filed suit.

**COUNTERCLAIMS**

For its counterclaims against Plaintiffs and Counter-Defendants The Chamberlain Group, Inc. ("Chamberlain") and Johnson Controls Interiors LLC's ("JCI"), Defendant and Counter-Plaintiff Lear Corporation states as follows:

**Parties, Jurisdiction, and Venue**

1.      Lear is a corporation incorporated under the laws of the State of Delaware. It has a principal place of business at 21557 Telegraph Road, Southfield, Michigan 48034. It is registered to do business in Illinois at CT Corporation, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604-1101.

2.      On information and belief, Chamberlain is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Elmhurst, Illinois.

3.      On information and belief, JCI is a limited liability company incorporated under the laws of the State of Michigan, with its principal place of business in Holland, Michigan.

4.      On information and belief, JCI purports to be Chamberlain's exclusive licensee to the patents-in-suit within the field of use defined as radio frequency transmitters and/or transceivers developed for or sold to automotive OEMs for integration into vehicles.

-9-

5.      This action arises under the patent laws of the United States. Subject matter jurisdiction is proper in this Court by Title 28, U.S.C. Sections 1331 and 1338(a).

6.      Personal jurisdiction is proper in this Court as to Chamberlain because it has its principal place of business in this district and because it has subjected itself to the jurisdiction of this Court by virtue of filing its Complaint. Personal jurisdiction is proper in this Court as to JCI because it has subjected itself to the jurisdiction of this Court by virtue of filing the Complaint.

7.      Venue is proper in this Court under Title 28, U.S.C. §§ 1391 and 1400.

**Background**

8.      The United States Patent and Trademark Office issued U.S. Patent Nos. 6,145,544, 6,810,123, and 7,412,056, naming Chamberlain as the assignee. JCI claims to have right, title, and interest in these patents.

9.      Chamberlain and JCI sued Lear alleging infringement of the 6,145,544, 6,810,123, and 7,412,056 patents. There has been and is now an actual and justiciable controversy between Lear and Chamberlain and JCI as to whether Lear's products infringe, induce infringement, or contribute to the infringement of any valid claim of the '544, '123, or '056 patents.

10.     This case is an exceptional one, and Lear is entitled to an award of its reasonable attorneys' fees and costs under 35 U.S.C. § 285.

## COUNTERCLAIM I
### Declaration of Non-Infringement and/or Invalidity of the '544 Patent

11. Lear re-alleges and incorporates the allegations of all the above paragraphs.

12. Chamberlain and JCI assert that the manufacture, use, offer for sale, or sale of Lear's products does and will infringe claims of the '544 patent.

13. The manufacture, use, offer for sale, or sale of Lear's products do not and will not infringe any valid claim of the '544 patent, because the claims are unenforceable, not infringed, and/or invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 or 112, or other judicially-created bases for invalidation.

14. Lear is entitled to a finding that the manufacture, use, offer for sale, and sale of its products does not and will not infringe any valid claim of the '544 patent.

## COUNTERCLAIM II
### Declaration of Non-Infringement and/or Invalidity of the '123 Patent

15. Lear re-alleges and incorporates the allegations of all the above paragraphs.

16. Chamberlain and JCI assert that the manufacture, use, offer for sale, or sale of Lear's products does and will infringe claims of the '123 patent.

17. The manufacture, use, offer for sale, or sale of Lear's products do not and will not infringe any valid claim of the '123 patent, because the claims are unenforceable, not infringed, and/or invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 or 112, or other judicially-created bases for invalidation.

18. Lear is entitled to a finding that the manufacture, use, offer for sale, and sale of its products does not and will not infringe any valid claim of the '123 patent.

## COUNTERCLAIM III
### Declaration of Non-Infringement and/or Invalidity of the '056 Patent

19.     Lear re-alleges and incorporates the allegations of all the above paragraphs.

20.     Chamberlain and JCI assert that the manufacture, use, offer for sale, or sale of Lear's products does and will infringe claims of the '056 patent.

21.     The manufacture, use, offer for sale, or sale of Lear's products does not and will not infringe any valid claim of the '056 patent, because the claims are unenforceable, not infringed, and/or invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 or 112, or other judicially-created bases for invalidation.

22.     Lear is entitled to a finding that the manufacture, use, offer for sale, and sale of its products does not and will not infringe any valid claim of the '056 patent.

## COUNTERCLAIM IV
### Declaration of Unenforceability of the '544, '123, and '056 Patents

23.     Lear re-alleges and incorporates the allegations of all the above paragraphs.

24.     Chamberlain and JCI assert that the manufacture, use, offer for sale, or sale of Lear's products does and will infringe claims of the '544, 123, and '056 patents.

25.     The manufacture, use, offer for sale, or sale of Lear's products do not and will not infringe any enforceable claim of the '544, '123, and '056 patents, because the claims are unenforceable by virtue of Chamberlain's inequitable conduct.

26.     The '544, '123, and '056 patents are unenforceable because the inventors (Bradford Farris and James Fitzgibbon), the assignee (The Chamberlain Group, Inc.), the patent prosecution firm (Fitch, Even, Tabin & Flannery), and patent attorney Kenneth H. Samples,

-12-

collectively "the patentees," prosecuting the application resulting in the issuance of the '544, '123, and '056 patents intentionally did not disclose material prior art—described below—which they knew was material to the examiners' determination of the patentability of the claims of the '544, '123, and '056 patents, for the purpose of deceiving the Patent Office into issuing the patents.

27. Public records indicate that the '544, '123 and '056 patents are related to U.S. Patent No. 6,690,796 ("the '796 patent") that is also entitled "Rolling code security system."

28. The '544, '123, '056 and '796 patents all claim the benefit of U.S. Patent Application 08/446,886. U.S. Patent Application 08/765,795 ("the '795 application") also claims the benefit of U.S. Patent Application 08/446,886.

29. The '544, '123, and '056 patents issued on November 28, 2000, October 26, 2004, and August 12, 2008, respectively.

30. On January 21, 2000, the patentees filed a preliminary amendment in the proceedings of the '796 patent. In this amendment, the patentees noted that some claims of the '796 patent were rejected in the '795 application in view of U.S. Patent No. 5,563,600 to Miyake (the Miyake reference). As such, the patentees knew of the Miyake reference and its relevance to the claimed invention of the '795 application prior to the issuance of the '544, '123 and '056 patents.

31. In a "Declaration for Patent Application," the inventors each executed a declaration where they swore: "I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56." 37 CFR 1.56 states in part that "Each

individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office …."

32.     The patentability of the claims of the '796 patent is relevant to the patentability of the similar claims of the '544, '123 and '056 patents.  The purposeful failure to cite the Miyake reference in the proceedings of the '544, '123 and '056 patents, with the subjective intent to deceive the USPTO examiners, is inequitable conduct during the prosecution of each of those patents.

33.     As a result of the intentionally deceptive, inequitable, and misleading conduct set forth above, the '544, '123 and '056 patents are unenforceable.

34.     The '795 application is a divisional of US Patent Application 08/446,886, and as such must have the same specification as the '544, '123 and '056 patents.

35.     The patentees abandoned the '795 application and never claimed priority to it in any of the applications related to the '544, '123 and '056 patents.  As the '795 application never published and was never cited by a published patent application, the USPTO keeps the prosecution of the '795 application confidential.  On information and belief, the patentees during the proceedings of the '795 application chose this scheme so as to hide the examiner's rejection and any subsequent concessions by the patentees with regard to the Miyake reference.

36.     The purposeful hiding of the material proceedings of the '795 application constitutes inequitable conduct.  This intent to deceive by not bringing attention to the proceeding of the '795 application to the attention of the USPTO, knowing that it was material to

the patentability of the claims of the '544, '123 and '056 patents renders the '544, '123 and '056 patents unenforceable.

37. As a result of the intentionally deceptive, inequitable, and misleading conduct set forth above, the '544, '123 and '056 patents are unenforceable.

38. The failure to bring attention to the proceedings of the '795 application and the non-disclosure of the Miyake reference in the proceedings of the '544, '123 and '056 patents shows multiple instances of misleading the USPTO. As a result of this intentionally deceptive, inequitable, and misleading conduct, the '544, '123 and '056 patents are unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Plaintiff Lear Corporation prays that the Court enter judgment in its favor and against Plaintiff/Counter-Defendants Chamberlain and JCI as follows:

a) Granting a declaration that Lear's products do not and will not infringe any valid claim of the 6,145,544, 6,810,123, and 7,412,056 patents;

b) Granting a declaration that the claims of the 6,145,544, 6,810,123, and 7,412,056 patents are invalid;

c) Granting a declaration that the 6,145,544, 6,810,123, and 7,412,056 patents are unenforceable due to inequitable conduct;

d) Declaring this an exceptional case in favor of Lear and awarding attorneys' fees (including experts' fees) pursuant to 35 U.S.C. § 285;

e) Awarding costs and expenses; and

f)       Awarding any and all such other relief as the Court determines to be just and proper.


Date:   September 8, 2008

                                                    s/ Kimball R. Anderson_____
                                                    Kimball R. Anderson
                                                    Kathleen B. Barry
                                                    Winston & Strawn LLP
                                                    35 West Wacker Drive
                                                    Chicago, IL  60601
                                                    Telephone:    312-558-5600
                                                    Facsimile:     312-558-5700


                                                  *Attorneys for Defendant-Counterclaim*
                                                  *Plaintiff Lear Corporation*

**CERTIFICATE OF ELECTRONIC SERVICE**

     I hereby certify that on September 8, 2008, I electronically filed the foregoing DEFENDANT LEAR CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, DEENSES, AND COUNTERCLAIM with the Clerk of the Court for the Northern District of Illinois using the ECF System, which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Kimball Richard Anderson, Thomas Kelly Anderson, Frank A. Angileri, Kathleen B. Barry, Steven C. Becker, Martin J. Bishop, Karl Regan Fink, John F. Flannery, Rudy I. Kratz, Thomas A. Lewry, Paula Enid Litt, George D. Moustakas, Kevin John O'Shea, Nicholas Todd Peters, Deborah J. Swedlow.

                                                                 s/ Kathleen B. Barry

                                                                 Kimball R. Anderson
                                                                 Kathleen B. Barry
                                                                 Winston & Strawn LLP
                                                                 35 West Wacker Drive
                                                                 Chicago, Illinois 60601
                                                                 Tel: (312) 558-5600;  Fax: (312) 558-5700
                                                                 kanderson@winston.com
                                                                 kbarry@winston.com