IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| THE CHAMBERLAIN GROUP, INC., a Connecticut Corporation, and JOHNSON CONTROLS INTERIORS, LLC, a Michigan Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>LEAR CORPORATION, a Delaware Corporation,<br><br>Defendant. | Civil Action No. 1:05-cv-03449<br><br>Honorable Amy J. St. Eve<br><br>Magistrate Judge Morton Denlow<br><br>**Public Version** |

### JOHNSON CONTROLS INTERIORS LLC'S SUPPLEMENTAL RESPONSE TO LEAR CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '544 AND '123 PATENTS

**I.  INTRODUCTION**

Plaintiffs respectfully provide this supplement to *Johnson Controls Interiors LLC's Response to Lear Corporation's Motion for Summary Judgment of Non-Infringement of the '544 and '123 Patents* (D.I. 422) ("JCI's Response"), which was submitted April 12, 2010 in response to *Lear Corporation's Motion for Summary Judgment of Non-Infringement of the '544 and '123 Patents* (D.I. 407) ("Lear's Motion").

Lear's Motion, which was filed March 18, 2010, hinged generally on Lear's bald assertion that Lear's accused Car2U product performs an "all trinary" algorithm. Lear's Motion focused on the alleged lack of a "binary code generator" and "binary codes" to argue that Car2U does not infringe. Lear also, for the first time, argued that it could not infringe because

███████████████████████████████████████████████████[1]

On May 27, 2010, pursuant to this Court's order, Plaintiffs took the further deposition of Dr. Kraft and asked him questions about his patented algorithm and the documents produced by the Niro law firm describing his work for Lear and underlying that algorithm. Plaintiffs explored how Lear could have possibly worked around the binary limitations in the claims and whether the "trinary" conversions in the Kraft patent and in the accused devices weren't just facially ineffective ways to hide the fact that for the Lear device to work as intended (to open a Chamberlain Garage Door) the product *must* implement binary mirroring, thereby using a binary number, or its equivalent.

Dr. Kraft's recent testimony provides further compelling evidence that his algorithm ███████████████████████████ implements, or is at least the equivalent of, the patented Chamberlain rolling code algorithm at issue in this case. In particular, Dr. Kraft's recent testimony supports Plaintiffs' position that the so-called "all-trinary" aspects of the algorithm are a smoke-screen that cover the true assessment of infringement, and the Car2U product in fact does contain a "binary code generator" and "binary codes" – if not literally, then under the doctrine of equivalents.

Mr. Kraft's testimony, as described herein and submitted herewith, compels the denial of

---

[1] As explained in JCI's Response (D.I. 422), the existence of a patent on the accused method is not dispositive on the issue of infringement under the doctrine of equivalents. Rather, it is a factor to be considered in making such a determination. *See, e.g. National Presto Industries, Inc. v. West Bend Co.*, 76 F. 3d 1185, 1191-92 (Fed. Cir. 1996) ("The grant of a separate patent on the accused device does not automatically avoid infringement, either literal or by equivalency. Improvements or modifications may indeed be separately patentable if the requirements of patentability are met, yet the device may or may not avoid infringement of the prior patent . . . . Whether a modified device is within the scope of the prior patent, literally or by equivalency, depends on the particular facts."). For at least this reason, the

Lear's Motion for summary judgment of non-infringement of the '544 and '123 Patents.

## II. KRAFT'S TESTIMONY SUPPORTS A FINDING OF INFRINGEMENT BY LEAR, AND COMPELS DENIAL OF LEAR'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

The evidence as described in Plaintiffs' previous briefing shows that Lear's Car2U algorithm — ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ — has a binary code generator as in the asserted '544 and '123 patents or its equivalents. (D.I. 422 at 12-13; D.I. 432 at 6-15.)

Dr. Kraft's testimony of May 27, 2010, further demonstrates and confirms that his method, if not literally the same as the claimed Chamberlain method, is its equivalent. First, Dr. Kraft's testimony demonstrates that Lear's cover that it uses an "all trinary" algorithm elevates form over substance. Second, Dr. Kraft's testimony demonstrates that the algorithm set forth in the '613 patent does, in fact, operate on a binary "word," and thus does in fact include a "binary code" and "binary code generator."

### A. Mr. Kraft Testified That ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Throughout this case, Lear has asserted that Car2U does not infringe the '544 or '123 patents because is uses an "all-trinary" algorithm, and therefore does not have a binary code or a binary code generator. (*See, e.g.,* D.I. 237 at 2, D.I. 409 at 11.) But Dr. Kraft's testimony demonstrates that this so-called "all-trinary" feature of Dr. Kraft's algorithm really doesn't matter and is just a cover layer imposed on top of the implementation of a binary code generator.

Dr. Kraft testified that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

testimony of Dr. Kraft is particularly relevant in assessing whether his algorithm has features that are the same as or equivalent to the elements of the asserted claims in this case.

3

██████████████████████) *Ex.* A at 679:21-680:1.[2] As he explained, the Kraft algorithm (████████████████████████

████████████████████████████████████████████

████████████████████████) *Id. at* 677:11-16. For this reason, Dr. Kraft and Lear refer to the algorithm as an "all-trinary" solution. '613 Patent at Abstract; D.I. 409 at 11. But Mr. Kraft also testified that (████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████) Ex. A at 660:5-20; 692:23-693:10.

Dr Kraft explained that (████████████████████████

████████████████████████████████████████████

████████████████████████) *Id.* at 665:24-666:3. In describing his invention, and the values for the powers of two that it uses, he clearly stated that (████████████

████████████████████████) *Id.* at 693:3-10. As Dr. Kraft explained, (████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████) *Id.* at 680:3-16.



In short, Dr. Kraft's testimony on these points demonstrates that the "substance" of his

---

[2] The Federal Circuit used similar language to address the issue of "trinary" vs. "binary," holding that it is "the substance, rather than the form" that controls. *Chamberlain Group, Inc. v. Lear Corp.*, 516 F.3d 1331, 1339 (Fed. Cir. 2008). By "form," the Federal Circuit was referring to the manner in which the number is stored, e.g. as bits stored in the microprocessor. By "substance," the Federal Circuit was referring to the representation or interpretation of the value, such as the number system used to interpret the value. Thus, the Federal Circuit's opinion – somewhat like Dr. Kraft – emphasizes that what is at issue is something more than the mechanics used to store the information.

algorithm is not determined by the number system used to represent the values being manipulated. Rather, the substance is determined by the nature of the manipulation and evaluation of those component values. For this reason, the fact that Dr. Kraft's algorithm uses trinary representations of the binary powers of two does not resolve the issue of whether or not it has a binary code or a binary code generator.

### B. The Kraft Algorithm Has a Binary Code Generator or at Least the Equivalent of One.

Dr. Kraft's testimony demonstrates that the Kraft algorithm does in fact have a binary code generator, or includes features that perform substantially the same function and work in substantially the same way, with the same result, as the "binary code generator" and "binary code" steps of the '544 and '123 patents. In fact, it *must* in order for the algorithm to work and open the garage door.

Taken as a whole, there is no dispute that  D.I. 424 (*JCI Statement of Undisputed Facts in Support of its Motion for Summary Judgment of the '056 Patent*) at ¶ 1. Indeed, the goal of Dr. Kraft's algorithm was to ▮ Ex. A at 538:1-4. ▮ ▮ut his well-coached and general conclusions ring hollow, and do not speak to the required element-by-element analysis required under the doctrine of equivalents. *Id.* at 534:9-10, 659:22-23; 660:1-4; *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.* 520 U.S. 17, 40 (1997) ("Today we adhere to the doctrine of equivalents. The determination of equivalence should be applied as an objective inquiry on an element-by-element basis.") His protestations are also contradicted by the actual testimony he provided with respect to how the algorithm of

the '613 patent actually works.

The key element at issue is the binary code generator. In this regard, Dr. Kraft testified that, ███████████████████████████████████████████

██████████████████████████████████████ *Id.* at 526:22-25

(emphasis added). ███████████████████████████████

████████████████████████████████████████

Dr. Kraft acknowledged that, ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ *Id.* at 537:10-538:4. Dr. Kraft's testimony thus demonstrates that his algorithm does the same thing as is disclosed in box 504 of Figure 7A, which is to "Reverse Order of Binary Digits in Rolling Code." As shown by the figure, whatever base the rolling code was in before step 504, the algorithm requires an identification of the binary "word" that represents that value and then mirroring of those binary digits. That Lear hid this binary operation using another "language" or by representing the components of it in trinary is neither here nor there. It was just a facially ineffective way to avoid the appearance of infringement and to hide the actual operations that *must* take place.

In short, Dr. Kraft's algorithm works because it generates the proper sequence of ████

████████████████████████ and does the required mirroring operation on them.

Dr. Kraft's algorithm ███████████████████████████ have been addressed by Plaintiff JCI's expert in this case. D.I. 424, Ex. 1, Ex. A at 54-64, 155-163. Dr. Kraft's testimony supports Dr. Stevenson's explanation ██████████████████

████████████████████████████ Ex. A at 526:22-25, 657:21-

658:10, 658:18-19; D.I. 424, Ex. 1, Ex. A at ¶¶ 54-61. The crux of the matter under a doctrine of equivalence analysis with respect to the Kraft Patent is whether using this table to perform the comparison operations for determining which binary powers of two are in the mirrored number is equivalent to a "binary code generator." Mr. Kraft's testimony strongly supports the opinions offered by Plaintiff's expert Dr. Stevenson, who testified similarly. Ex. A at 658:18-19; D.I. 424, Ex. 1, Ex. A at ¶ 61.)

But more simply, Dr. Kraft testified under oath that his algorithm ███████████ ███████████████████████ His nuancing of the language does not hide the admission. Mr. Kraft's simple testimony on this key point thus shows that his method in fact generates a binary code or number – ███████████████████████████ ████████████ – and therefore satisfies the binary code generator elements of the asserted patents. While Dr. Kraft may constantly protest that his algorithm is "all trinary," at some level, the mathematical functions and operations must, and as Dr. Kraft testified do, ███████████ ████████████████████████████████████████████ The Kraft algorithm – ████████████████ – thus include a binary code generator.

At the very least, Dr. Kraft's testimony is sufficient to raise a factual question as to whether the performance of his algorithm constitutes an equivalent to the claimed binary code generator, such that Lear's motion for summary judgment of infringement must be denied.

### III. CONCLUSION

For the reasons provided herein and in JCI's Response, a genuine issue of material fact exists and Lear's motion for summary judgment of non-infringement of the '544 and '123 patents should be denied.

            Respectfully submitted,

Dated: June 15, 2010      JOHNSON CONTROLS INTERIORS, LLC


           By: /s/ Roger A. Lewis
             One of Its Attorneys


             Katherine Kelly Lutton (CA #194971)
             (lutton@fr.com)
             Tamara Fraizer (CA #215942)
             (fraizer@fr.com)
             Scott A. Penner (CA #253716)
             (penner@fr.com)
             FISH & RICHARDSON P.C.
             500 Arguello Street, Suite 500
             Redwood City, California 94063-1526
             Telephone: (650) 839-5070
             Facsimile: (650) 839-5071

             Ruffin B. Cordell (DC #4458051)
             (cordell@fr.com)
             FISH & RICHARDSON P.C.
             1425 K Street, N.W.
             Washington, D.C. 20005-3500
             Telephone: (202) 783-5070
             Facsimile: (202) 783-2331

             Frederic R. Klein (ARDC #3127304)
             (frederic.klein@goldbergkohn.com)
             Roger A. Lewis (ARDC #6229704)
             (roger.lewis@goldbergkohn.com)
             GOLDBERG KOHN LTD.
             55 East Monroe Street, Suite 3300
             Chicago, Illinois 60603
             Telephone: (312) 201-4000
             Facsimile: (312) 332-2196

             Attorneys for Plaintiff
             JOHNSON CONTROLS INTERIORS, LLC

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on June 15, 2010, a true and correct copy of the foregoing **JOHNSON CONTROLS INTERIORS LLC'S SUPPLEMENTAL RESPONSE TO LEAR CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '544 AND '123 PATENTS** was filed with the Clerk of the Court using the CM/ECF system, which then sent notification electronically to counsel of record, and was further served upon the below listed counsel of record by overnight Federal Express:

| | |
|---|---|
| Kimball Richard Anderson<br>Samuel Mendenhall<br>Kathleen B. Barry<br>Ivan Michael Poullaos<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 | Attorneys for Defendant<br>LEAR CORPORATION |
| Frank A. Angileri<br>Thomas A. Lewry<br>Brooks Kushman P.C.<br>1000 Town Center, Twenty Second Floor<br>Southfield, MI 48075-1238 | Attorneys for Defendant<br>LEAR CORPORATION |
| Karl R. Fink<br>John F. Flannery<br>Rudy I. Kratz<br>Allen E. Hoover<br>Joseph F. Marinelli<br>Fitch, Even, Tabin & Flannery<br>120 South La Salle, Suite 1600<br>Chicago, IL 60603-3406 | Attorneys for Plaintiff<br>THE CHAMBERLAIN GROUP, INC. |

/s/ Roger A. Lewis
Roger A. Lewis (ARDC #6229704)
(roger.lewis@goldbergkohn.com)
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 201-4000
Facsimile: (312) 332-2196