# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 3449 | **DATE** | 7/15/2010 |
| **CASE TITLE** | Chamberlain Group vs. Lear Corporation et al. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to compel the continued deposition of Paul Lambert [522] is denied.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

     Defendant, Lear Corporation ("Lear"), has filed a motion seeking the continued deposition of Paul Lambert, a corporate representative for Plaintiff Johnson Controls Interiors LLC ("JCI") based on the conduct of JCI's counsel during the deposition. Lear's motion is denied.

     The parties should be well aware of their obligations under Local Rule 37.2. As JCI noted in its response, the Court has informed the parties of their obligations under Rule 37.2 to meet and confer in an attempt to resolve discovery disputes. Despite that clear guidance, the plain language of Rule 37.2, and the Court's website-posted Case Management Procedures, Defendant has filed yet another discovery-related motion, this time without satisfying the meet-and-confer requirements.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Rule 37.2 provides:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

Further, the Court's Case Management Procedures, which are available on the Court's web page, provide:

> The Court believes that parties can and should work out most discovery disputes and thus discourages the filing of discovery motions. The Court will not hear or consider any discovery motion or non-dispositive dispute unless the movant has complied with the "meet and confer" requirement of Local Rule 37.2. The motion must state with specificity when and how the movant complied with Local Rule 37.2. Parties are reminded that compliance with Local Rule 37.2 requires a good faith effort to resolve discovery disputes and communication that takes place face to face or by telephone.

(*available at* http://www.ilnd.uscourts.gov/home/Print_JudgePage.aspx.) As Judge Cole recently noted regarding Rule 37.2:

> The purpose of the Rule is "[t]o curtail undue delay and expense in the administration of justice." The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. If the parties can resolve the issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Each hour needlessly spent on a dispute is an hour squandered. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991) ("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."). This is a problem that the Seventh Circuit has repeatedly adverted to. *See, e.g., Otto v. Variable Annuity Life Insurance Co.*, 134 F.3d 841, 854 (7th Cir. 1998); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987).

*Paulcheck v. Union Pac. R. Co.*, No. 09 C 4226, 2010 WL 1727856, at *1 (N.D. Ill. Apr. 29, 2010).

Lear failed to make good-faith, in-person attempts to resolve this dispute, which alone is grounds for denying its motion. *See id.*; *Allen v. City of Chicago*, No. 09-C-243, 2010 WL 118372, at *1 (N.D. Ill. Jan. 8, 2010). Lear's 37.2 Certification provides that "Lear's counsel Kimball R. Anderson and Ivan M. Poullaos met in person with counsel for JCI at the deposition of Paul Lambert on June 4, 2010 concerning the relief sought in this motion. Counsel for JCI informed counsel for Lear that JCI opposed this motion." (R. 522 at 3.) Kimball Anderson's Declaration attempts to provide additional detail of what actions Lear purportedly took to comply with Rule 37.2, but the Declaration does not bring Lear's motion into compliance with the Local Rules. Indeed, it shows that Lear's supposed efforts at complying with Rule 37.2 took place solely at Mr. Lambert's deposition, during which the conduct at issue took place. The Declaration, for example, points to statements at the end of Mr. Lambert's deposition as evidence that Lear's counsel attempted to resolve the dispute in good faith. That

excerpt shows, however, that Lear's counsel did *not* attempt to resolve the parties' differences in good faith. After stating that "I'm pretty sure we're going to have to come back here to resume our questioning on all the areas that your counsel instructed you not to answer," Mr. Lambert stated that he would be available during the week of the 21st and the week of the 28th. Lear's counsel responded by saying, "Okay. Well, I'm adjourning the deposition at this time. We will be seeking a court order compelling your return at your expense and I thank you for your time." (R. 576-1, Ex. 3, Lambert Dep. Tr. at 263-64.) Although twelve days elapsed between Mr. Lambert's deposition and the day on which Lear filed its motion, and despite the fact that the parties appeared in Court for a status hearing on June 14, 2010, Lear apparently made no other attempts to resolve the issue without judicial intervention. These actions do not satisfy Rule 37.2's requirements.

Furthermore, the information that Lear is seeking does not appear to be "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), especially in light of the Court's recent denial of Plaintiffs' motion for issuance of a letter of request to take Prashant Mhamunkar's deposition. Accordingly, Lear's motion is denied.