February 27, 2011

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

———————

THE CHAMBERLAIN GROUP and
JOHNSON CONTROLS INTERIORS, L.L.C.,

*Plaintiffs*,

v.

LEAR CORPORATION,

*Defendant*.

No. 05 CV 3449

———————

# Memorandum and Orders

This memorandum (which also contains some orders) is intended to guide discussion at the February 28 hearing. If the lawyers are not able to read it before the hearing begins at 10, I will give them a few minutes at the beginning of the hearing to do so.

The memorandum covers three subjects: (1) the tutorial; (2) claim simplification; (3) (other) issues relating to the pretrial order; and (4) claim construction.

**(1) I want the tutorial (which, remember, is to be in video form, not Power Point) to include the following**:

**Introduction to Binary and Trinary Numbers**

Binary and trinary numbers play an important role in this case. A binary number is a number in base 2; a trinary number in base 3; these terms have now to be explained and illustrated by showing how the quantity 1254 is denoted in different bases.

A base is just a number used as a building block for expressing numerical quantities. Most of our counting is in base 10. Base 10 denotes the base number 10. Here is how to express 1254 as a sum of numbers based on 10:

1000 = **1** x $10^3$ (a cube)
 200 = **2** x $10^2$ (a square)
  50 = **5** x $10^1$ (just plain 10)
    4 = **4** x $10^0$ (any number to the power of 0 equals 1)
____

Hence **1254**

Other bases can be used to express the quantity 1254. This results in the same quantity being expressed by a different series of numbers.

So for base 2:

1024 = **1** x $2^{10}$
    0 = **0** x $2^9$
    0 = **0** x $2^8$
 128 = **1** x $2^7$
  64 = **1** x $2^6$
  32 = **1** x $2^5$
    0 = **0** x $2^4$
    0 = **0** x $2^3$
    4 = **1** x $2^2$
    2 = **1** x $2^1$
    0 = **0** x $2^0$

_____

**1254 = 10011100110**

And now for base 3:

$$729 = \mathbf{1} \times 3^6$$
$$486 = \mathbf{2} \times 3^5$$
$$0 = \mathbf{0} \times 3^4$$
$$27 = \mathbf{1} \times 3^3$$
$$9 = \mathbf{1} \times 3^2$$
$$3 = \mathbf{1} \times 3^1$$
$$0 = \mathbf{0} \times 3^0$$

_____

**1254 = 1201110**


These are three ways of expressing the *identical* quantity, and you must know what base system is being used in order to know what quantity is being expressed.

| Base 10 | Base 2 | Base 3 |
| --- | --- | --- |
| 1254 | 10011100110 | 1201110 |


[For the lawyers only, not the jurors: there's a convenient program for converting numbers from one base to another at http://www.cleavebooks.co.uk/scol/calnumba.htm. You may want to provide more than one illustration of the same quantity expressed in different bases.]

### (2) Claim Simplification:
I believe that the underlying factual dispute on the

infringement question is simpler than it appears. Chamberlain has patented a device that stores binary (base-2) numbers, converts them to trinary (base-3) numbers, and sends them to a receiver. Lear is selling a device that stores trinary numbers, converts them to new trinary numbers, and sends them to a receiver. If Lear's process for converting its trinary numbers involves the generation of a binary number, then Lear's product infringes. So all the jury has to decide—on the infringement issue—is whether Lear's algorithm ever generates a binary number.

On February 3, I ordered that only the four independent claims will be tried: Claim 1 of the '544 patent, Claims 1 and 17 of the '123 patent, and Claim 1 of the '056 patent. Based on the parties' recent submissions, I believe that the number of independent claims can be reduced to two: Claim 1 of the '544 patent and Claim 1 of the '123 patent. Claim 17 of the '123 patent and Claim 1 of the '056 patent, are duplicative for the reasons stated below, and these claims need not be tried.

That would leave only two claims for the jury: Claim 1 of the '544 patent and Claim 1 of the '123 patent. I suggested previously that these two claims also overlapped. The main difference is that the '544 patent uses the term "binary code generator" and the '123 patent"source of a sequence of binary codes." I agree with Chamberlain that the two terms are sufficiently different that both should be submitted to the jury. A "source of a sequence" of numbers need not be a "generator" of numbers. Thus a jury could find that Lear infringes one of these claims but not the other.

Claim 17 of the '123 patent is duplicative of Claim 1 of the '544 patent in every relevant respect. No reasonable factfinder could find infringement of one of these claims but not of the other.

Chamberlain has asked us to reconsider Judge St. Eve's interpretation of Claim 1 of the '056 patent. She said that in two phrases in element 6 of the claim—"trinary code version of the variable code" and "trinary code version of the code"—the terms

"the variable code" and "the code" refer to non-trinary numbers. Otherwise there would be no sense in saying that the device generates a "trinary code version" of these numbers. This point is critical because Lear agrees that "the variable code" and "the code" in its device are trinary numbers. This means that if the patent's claim included trinary numbers, Chamberlain would probably be entitled to summary judgment on infringement of this claim. I don't find Chamberlain's argument convincing. Judge St. Eve's opinion was based on the overall language of the claim, the expert reports, the claim specification, and the characteristics of the invention itself. Chamberlain makes a narrow textual argument that fails to address all the reasons given by Judge St. Eve.

But her interpretation implies that Claim 1 of the '056 patent is indistinguishable from Claim 1 of the '544 patent for purposes of the present case. Both claims describe a device that generates a new binary (or "non-trinary") number each time the device is used, converts that number to a trinary number, and transmits it to a receiver. The only new content in the '056 patent is the reference in element 6 to "interleaving" the digits of the variable number with the digits of the fixed number. Lear's product also interleaves a variable number with a fixed number. The only argument Lear makes in reference to the '056 patent is that its product never generates a binary number, and that's the same argument it makes in reference to the '544 patent. There is no need to multiply claims (and thus confuse the jury) that present the same underlying question on infringement.

Chamberlain also asks me to reconsider the ruling in the February 3 order that Claims 2 and 4 of the '544 Patent, which are dependent claims, should not be submitted to the jury. Lear had argued that there was no reason to try these claims, because Chamberlain could prove infringement based only on Claim 1 of the '544 patent. But Claims 2 and 4 provide new information that may shield the patent from the defense of obviousness. Claim 2

adds the concept of "mirroring" a number and Claim 4 that of "interleaving" the digits of one number with the digits of another. The jury might find that the independent claim is invalid because of obviousness yet also find that the dependent claims add enough new concepts to make them non-obvious.

Chamberlain argues that these concepts have to be explained to the jury anyway, to help them to understand how the product works, so there's no harm in allowing Chamberlain to present them as infringed claims. Another possibility would be to ask Lear to stipulate that, if a jury finds infringement of claim 1 of the '544 patent, then it is undisputed that claims 2 and 4 would also be infringed. In that case, there would be no need to submit these claims separately to the jury on the issue of infringement, but Chamberlain could introduce them at trial, if necessary, as a rebuttal to Lear's obviousness defense.

### (3) Pretrial issues:

**A. Stipulations of Facts:** The parties need to stipulate to more facts. For example, everybody agrees that both products contain an oscillator, a transmitting apparatus, and an apparatus for enabling the sending of an encrypted signal; that both products store a permanent number that identifies the transmitter and also generate a new variable number each time the product is used; that both products interleave the digits from the permanent number with the digits from the variable number; and that both products transmit a number in trinary (base-3) form to a receiver.

**B. Case Statements**

The parties have each submitted a short summary of the case, to be read to the jury at the beginning of the trial. I want the parties to indicate the disagreements they have with the other side's statement.

**C. Exhibits**

The plaintiffs have submitted 227 exhibits, spanning five binders. Lear objects to 171 of these exhibits and has no objection

to the remaining 56. Lear has submitted 85 exhibits, spanning two binders. Plaintiffs object to 75 of these exhibits and have no objection to the remaining 10. I will not rule on the objections before the parties reduce their exhibits to one binder per side. I realize that some of the exhibits are videos, but that's easily handled. Include in the binder each proposed video exhibit as a single CD, to be inserted in a CD sleeve binder page to insert in the binder. I need the new exhibit lists and binders by March 4 so that you have time to prepare motions in limine, all of which are due on March 7. All objections to exhibits should be included in such motions. The only objections that I will rule on at trial will be objections based on unanticipated evidence at the trial.

 **D. Witnesses.** The plaintiffs have proposed 25 witnesses, including five experts. Lear objects to six of these witnesses, including all five experts. Lear has proposed 21 witnesses. The plaintiffs object to three of these witnesses. There are 17 witnesses on both lists—I need to know who these people are and what the purpose of their testimony is. There are 8 additional people on the plaintiffs' list and 4 additional on Lear's list. There are six major disputes outstanding:

 1. Why do the plaintiffs need all three, as opposed to just one, or possibly two, of their experts (Tipton Cole, Robert L. Stevenson, and V. Thomas Rhyne).

 2. One of the plaintiffs' witnesses is Kurt Dykema. Lear says his testimony is irrelevant and unduly prejudicial. Why?

 3. The plaintiffs have two experts whom they want to testify about the commercial success of their patented product. Is this damages testimony, which we should exclude, or testimony relating to obviousness?

 4. One of Lear's witnesses is intended only to testify about the accuracy of a translation of a Japanese document into English. The plaintiffs have already stipulated that the translation is accurate, so this witness (Brent Bosen) is stricken.

 5. Lear proposes a witness (Hubert Dunsmore) who will

testify about how Lear's product works. The plaintiffs argue that his testimony is inadmissible on a number of grounds, including that it is expert testimony and he was not disclosed as an expert witness; nor did he provide an expert report. True?

6. The plaintiffs have a similar objection to Kenneth Samples.

**E. Jury Instructions and Verdict Forms**.

The plaintiffs have proposed jury instructions based on the Seventh Circuit Pattern Jury Instruction, and Lear has proposed instructions based on the Federal Circuit Pattern Jury Instructions. Which is preferable and why? And does Lear have answers to the plaintiffs' confusing footnote objections to Lear's instructions? Regarding the verdict form, the plaintiffs want the jury to answer 14 questions and Lear wants it to answer 17 questions. These lists must be shortened in light of the reduction in the number of claims submitted to the jury.

**(4) Claim Construction**

I have read the briefs submitted by the parties on February 22. I will adhere to my earlier ruling.

_____

                                                              Circuit Judge

                                                              February 28, 2011