# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THE CHAMBERLAIN GROUP, INC., and JOHNSON CONTROLS INTERIORS LLC, | ) ) ) | Civil Action No.: 05 C 3449 |
| Plaintiffs, | ) | The Honorable Richard A. Posner |
| v. | ) ) | |
| LEAR CORPORATION, | ) ) | █████████████ |
| Defendant. | ) | |

## LEAR CORPORATION'S MOTION IN LIMINE NO. 5
## REGARDING ALLEGATIONS OF COPYING



Dated: March 14, 2011

Respectfully submitted,

By: /s/ Kimball R. Anderson

Kimball R. Anderson   kanderson@winston.com
Imron T. Aly   ialy@winston.com
Ivan M. Poullaos   ipoullaos@winston.com
Kathleen B. Barry   kbarry@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
*Attorneys for Defendant and Counterclaim*
*Plaintiff Lear Corporation*

## INTRODUCTION

Lear respectfully requests that Plaintiffs be precluded at trial from arguing that Lear "copied" the commercial HomeLink product.  First, it is well-established patent law that copying is not relevant in determining infringement.  Second, while copying is relevant in rebutting a claim of obviousness, copying requires that the accused product be a replication of the patented product.  Here, there has been no allegation, mush less any evidence presented, that Lear actually *copied* Plaintiffs' product.  Therefore, it would amount to a mere inflammatory remark to say that Lear copied.  As such, this argument must be precluded at trial.

## ARGUMENT

Copying is not at all relevant for infringement, as copying "is of no import on the question of whether the claims of an issued patent are infringed." *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1351 (Fed. Cir. 2002).  Copying is relevant, if at all, to rebut Lear's claim of obviousness.  But copying means literal copying, and it is wrong to use the word "copying" as a synonym for infringement.  As the Federal Circuit has made clear, not every allegedly infringing product is a copy; "[o]therwise every infringement suit would automatically confirm the nonobviousness of the patent." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1285 (Fed. Cir. 2000).  Copying instead "requires the replication of a specific product." *Id*.

Here, Lear did not replicate any product, and actively took steps to avoid copying. ███

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████ Therefore, Plaintiffs should not be

1

allowed to say at trial the Lear "copied" the JCI HomeLink product. *See Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) (requiring evidence of replication to allege copying, and not just infringement). ████████████████████████████████████████

████████████████████████████████████████████████████████

████████ That is not only legal, but also encouraged. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1225, 1235-36 (Fed. Cir. 1985) (holding reverse engineering and developing alternatives is "the stuff of which competition is made and is supposed to benefit the consumer"); *see also Furminator, Inc. v. Ontel Products Corp.*, 429 F. Supp. 2d 1153, 1174 (E.D. Mo. 2006) (rejecting claim of copying in part because the alleged infringer redesigned a prototype to eliminate a feature claimed in the patent).

Letting Plaintiffs make an allegation of copying would also waste time at trial. This is because Lear would then have to take time to show that it did not copy, requiring fact and expert testimony comparing Lear's software and hardware development to JCI's product. Lear should then be allowed to go even beyond the scope of the asserted patent claims in this case, just to show exactly how much time and effort it expended to ***not*** copy the HomeLink product. Rather than open the door to all this testimony, Plaintiffs should simply not be allowed to say that Lear copied. There is no basis for such an allegation, it is irrelevant to infringement, and it would waste time at trial by requiring rebuttal and curative instructions.

### CONCLUSION

For all the above reasons, Lear respectfully requests that the Court grant its motion *in limine*, precluding Plaintiffs from stating or arguing that Lear "copied" their commercial products.

Dated: March 14, 2011                    Respectfully submitted,

                                          By: /s/ Kimball R. Anderson
                                              Kimball R. Anderson      kanderson@winston.com
                                              Imron T. Aly             ialy@winston.com
                                              Ivan M. Poullaos         ipoullaos@winston.com
                                              Kathleen B. Barry        kbarry@winston.com
                                              WINSTON & STRAWN LLP
                                              35 West Wacker Drive
                                              Chicago, IL 60601
                                              *Attorneys for Defendant and Counterclaim*
                                              *Plaintiff Lear Corporation*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on March 14, 2011, I electronically filed the foregoing **LEAR CORPORATION'S MOTION IN LIMINE NO. 5 REGARDING ALLEGATIONS OF COPYING** with the Clerk of the Court for the Northern District of Illinois using the ECF System, which will send notification to counsel of record. I also certify that I have sent the paper by Federal Express and email to the following counsel:


Ruffin B. Cordell (DC #4458051)
FISH & RICHARDSON P.C.
1425 K Street, N.W.
Washington, DC 20005-3500
Telephone: (202) 783-5070


Katherine Kelly Lutton (CA #194971)
Tamara Fraizer
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Telephone: (650) 839-5070


Frederic R. Klein (#3127304)
GOLDBERG KOHN
55 East Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 201-4000


*Attorneys for Plaintiff*
*JOHNSON CONTROLS INTERIORS, LLC*

Karl Regan Fink
John F. Flannery
Rudy L. Kratz
Joseph F. Marinelli
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, IL 60603-3406
Facsimile: (312) 577-7007


*Attorneys for Co-Plaintiff*
*THE CHAMBERLAIN GROUP, INC.*


/s/ Kimball R. Anderson
    Kimball R. Anderson
    Imron T. Aly
    Ivan M. Poullaos
    Kathleen B. Barry
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601
    kanderson@winston.com
    ialy@winston.com
    ipoullaos@winston.com
    kbarry@winston.com