**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE CHAMBERLAIN GROUP, INC., and JOHNSON CONTROLS INTERIORS LLC, | ) ) ) | Civil Action No.: 05 C 3449 |
| Plaintiffs, | ) ) | The Honorable Richard A. Posner |
| v. | ) ) | |
| LEAR CORPORATION, | ) | |
| Defendant. | ) | |

**LEAR CORPORATION'S MOTION IN LIMINE NO. 8
<u>REGARDING THE KRAFT PATENT</u>**



Dated: March 14, 2011              Respectfully submitted,

                                                           By: /s/ Kimball R. Anderson
                                                        Kimball R. Anderson   kanderson@winston.com
                                                        Imron T. Aly   ialy@winston.com
                                                        Ivan M. Poullaos   ipoullaos@winston.com
                                                        Kathleen B. Barry   kbarry@winston.com
                                                        WINSTON & STRAWN LLP
                                                        35 West Wacker Drive
                                                        Chicago, IL 60601
                                                        *Attorneys for Defendant and Counterclaim
                                                        Plaintiff Lear Corporation*

**INTRODUCTION**

Lear submits this motion *in limine* pursuant to this Court's March 1, 2011 Order (D.I. 916) regarding the admissibility of the trial testimony of Dr. Clifford Kraft. Lear hired Dr. Kraft, a third party contractor, so that it could design around the Chamberlain patents-in-suit. Dr. Kraft observed that Chamberlain had obtained very narrow patents that involve the conversion of binary numbers. To avoid the Chamberlain patents, Dr. Kraft developed an "all-trinary" solution – using no binary numbers – to encrypting the transmission of radio frequency signals to garage door openers. Dr. Kraft provided his all-trinary solution to Lear. Dr. Kraft also obtained a patent on his all-trinary solution (U.S. Patent No. 7,589,613, hereinafter the "'Kraft Patent") and assigned the patent to Lear. ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████

Lear has designated Dr. Kraft as a trial witness to testify about his design-around work. Dr. Kraft's testimony, including the fact that he obtained and assigned to Lear the Kraft Patent, is relevant for at least three reasons: (1) to show that Lear does not infringe under the doctrine of equivalents; (2) to show that Lear did not willfully infringe Chamberlain's patents; and (3) to show the lack of commercial success attributed to Plaintiffs' patents.

The issue of the admissibility of Dr. Kraft's testimony about the '613 Patent already has been addressed by Judge St. Eve who ruled that:

> At trial, Lear can point to the existence of the Kraft patent, in addition to the fact that the Kraft application cited the '544 and '123 patents as prior art (which thus demonstrates that the PTO considered the '544 and '123 patents and nevertheless considered the claimed invention to be novel, useful, and nonobvious in light of that prior art.)

(D.I. 810, at 31.)

1

## ARGUMENT

**I.     The Kraft Patent Is Relevant To Plaintiffs' Doctrine of Equivalents Theory.**

The Kraft patent is relevant to Plaintiffs' claim of infringement under the doctrine of equivalents. Plaintiffs contend that Lear's all-trinary solution infringes under the doctrine of equivalents, but the doctrine has boundaries. For example, one cannot cover as an equivalent something that is already in the prior art or where the patentee surrendered claim scope before the Patent Office. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733-734 (2002) (holding that narrowing amendments during prosecution precluded coverage under the doctrine of equivalents). Similarly, one cannot cover as an equivalent something that is patentably distinct, where a new patent was issued even after considering the asserted patents. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1368, 1380 n.9 (Fed. Cir. 2007) ("[T]here is a strong argument that an equivalent cannot be both non-obvious and insubstantial); *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 (Fed. Cir. 1993) (finding inapplicable doctrine of equivalents where Patent Office later granted a patent "with knowledge of the [asserted patent] which is listed as art of record").

Here, Lear obtained the Kraft patent on the all-trinary solution, thereby defining a boundary to Plaintiffs' doctrine of equivalents argument. As reflected on the face of the Kraft Patent, Dr. Kraft cited the Chamberlain '544 and '123 patents to the Patent Office as prior art. The Patent Office issued the Kraft Patent over the Chamberlain patents and necessarily determined that the Kraft invention is patentably distinct (novel and non-obvious) as compared to the alleged inventions in the Chamberlain patents. The Kraft patent, therefore, is evidence that Lear's all-trinary solution is patently distinct from the Chamberlain patents-in-suit.

The admissibility of the Kraft patent cannot be contested under settled Federal Circuit precedent. The seminal decision on the subject is *Festo Corporation v. Shoketzu Kinzoku Kogyo Kabushiki Co., Ltd.*, 493 F.3d 1368, 1380 (Fed. Cir. 2007) where the Court held:

> In *Hagonas AB v. Dresser Industries, Inc.*. 9 F.3d 948 (Fed. Cir. 1993) … the court noted that the accused device was separately patented. *Id.* We explained that 'the PTO must have considered the accused product to be nonobvious with respect to the patented composition. Accordingly, the issuance of that patent is relevant ot the equivalence issue." *Id.*, Likewise, in *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563 (Fed. Cir. 1996), we stated that the accused device si "presumed nonobvious" when it is patented, and [t]he nonobviousness … is relevant to the issue of where the change therein is substantial." *Id*. at 1570.

See also *Siemens Med. Solutions v. Saint-Gobain Ceramics & Plastics, Inc.*, --- F.3d ---, 2011 WL 651790, at *7 (Feb. 24, 2011) (Ex. 20.) (separate patentability "may make equivalency 'considerably more difficult to make out'").

Because the admissibility of the Kraft patent is beyond peradventure under settled Federal Circuit precedent, Plaintiffs previously conceded its admissibility. In opposing summary judgment of non-infringement, JCI admitted that the existence of a patent on an accused product is "a factor to be considered in making such a determination" about infringement under the doctrine of equivalents. (D.I. 516, at 2 n.1.) JCI even cited in support *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1191-92 (Fed. Cir. 1996) ("The fact of separate patentability is relevant, and is entitled to due weight"). Judge St. Eve cited to Plaintiffs' admission and held that "JCI is correct to point out that the existence of a patent on the accused process is not dispositive on the question of infringement under the doctrine of equivalents, ***but is instead significant to that determination***." (D.I. 810, at 31.)

Judge St. Eve's ruling was correct and it should stand. "[T]he law of the case doctrine in these circumstances reflects the rightful expectation of litigants that a change of judges midway

3

through a case will not mean going back to square one." *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011 (N.D. Ill. 2003) (J. Posner) (quoting *Best v. Shell Oil Co.,* 107 F.3d 544, 546 (7th Cir.1997) ("Although the second judge may alter previous rulings if he is convinced they are incorrect, 'he is not free to do so . . . merely because he has a different view of the law or facts from the first judge.' Instead, the presumption is that earlier rulings will stand")); *see also Williams v. C.I.R.*, 1 F.3d 502 (7th Cir. 1993) (J. Posner)).

## II. The Kraft Patent Shows That Lear Did Not Willfully Infringe.

The Kraft patent is also relevant to Plaintiffs' allegation of willful infringement. Plaintiffs claim that Lear acted with reckless indifference towards the asserted patents, and proceeded with the Car2U® product. The only recklessness is that of Plaintiffs' unfounded allegations.

The Federal Circuit defined the standard for willful infringement in *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc). In that case, the Court held that, in order to prove willfulness, a patentee must prove by clear and convincing evidence both objective and subjective recklessness: willfulness means "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" **and** that such risk "was known or so obvious that it should have been known to the accused infringer." *Id*. at 1371.

Here, Lear's conduct in working to design-around the Chamberlain patents, and obtaining the Kraft patent tends to disprove both objective and subjective recklessness. Lear's efforts to obtain its own patent, issued in spite of and after distinguishing the asserted Chamberlain patents in this case, objectively demonstrate that it did not act recklessly. Lear also subjectively relied on the Kraft patent as an indication that it was doing something different than what is described and claimed in the asserted patents. Otherwise, the Kraft patent would not have issued.

Therefore, under the willfulness standards established by *Seagate* Lear is entitled to rely upon the Kraft patent to show that, even if it is found to infringe, it did not do so willfully.

### III. The Kraft Patent Shows That Lear's Car2U® Sales Were Not Successful Due To Plaintiffs' Patents.

The Kraft patent is also relevant to defend against the allegation of commercial success. To rebut Lear's assertion that the asserted patents are obvious in view of the prior art, Plaintiffs apparently intend to offer evidence of so-called "commercial success." Commercial success is sometimes referred to a "secondary" consideration of non-obviousness and it requires proof that that the cause for the commercial success, or nexus, is specifically the patented features, and not some other cause. *See, e.g., In re DBC*, 545 F.3d 1373, 1384 (Fed. Cir. 2008) ("the proponent must offer proof 'that the sales were a direct result of the unique characteristics of the claimed invention'").

In this case, Plaintiffs have announced their intent to offer exhibits and testimony – under the guise of commercial success – showing the money that *Lear* has made by selling the Car2U® product. Plaintiffs apparently intend to argue that this somehow makes their patents less likely to be obvious. To rebut that argument, Lear is entitled to show that, in fact, the reason for its own sales is because of *Lear's own invention* as embodied in the Kraft patent, and not because of the asserted patents.

[text redacted] Lear, therefore, should be able to rebut the allegation that Plaintiffs' patents had anything to do with Lear's sales, and instead that Lear's Kraft patent was the basis for its success.

5

## **CONCLUSION**

For all the above reasons, Lear respectfully requests that the Court grant its motion in limine, allowing it to use the Kraft patent at trial, and without unnecessary relevance objections.

Dated: March 14, 2011                             Respectfully submitted,

                                                             By:  /s/ Kimball R. Anderson
                                                                  Kimball R. Anderson     kanderson@winston.com
                                                                  Imron T. Aly                    ialy@winston.com
                                                                  Ivan M. Poullaos           ipoullaos@winston.com
                                                                 Kathleen B. Barry          kbarry@winston.com
                                                                 WINSTON & STRAWN LLP
                                                                35 West Wacker Drive
                                                                Chicago, IL  60601
                                                                *Attorneys for Defendant and Counterclaim*
                                                                *Plaintiff Lear Corporation*

## CERTIFICATE OF ELECTRONIC SERVICE

  I hereby certify that on March 14, 2011, I electronically filed the foregoing **LEAR CORPORATION'S MOTION IN LIMINE NO. 8 REGARDING THE KRAFT PATENT** with the Clerk of the Court for the Northern District of Illinois using the ECF System, which will send notification to counsel of record. I also certify that I have sent the paper by Federal Express and e-mail to the following counsel:

Ruffin B. Cordell (DC #4458051)
FISH & RICHARDSON P.C.
1425 K Street, N.W.
Washington, DC 20005-3500
Telephone: (202) 783-5070

Katherine Kelly Lutton (CA #194971)
Tamara Fraizer
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Telephone: (650) 839-5070

Frederic R. Klein (#3127304)
GOLDBERG KOHN
55 East Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 201-4000

*Attorneys for Plaintiff*
*JOHNSON CONTROLS INTERIORS, LLC*

Karl Regan Fink
John F. Flannery
Rudy L. Kratz
Joseph F. Marinelli
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, IL 60603-3406
Facsimile: (312) 577-7007

*Attorneys for Co-Plaintiff*
*THE CHAMBERLAIN GROUP, INC.*

   /s/ Kimball R. Anderson
    Kimball R. Anderson
    Imron T. Aly
    Ivan M. Poullaos
    Kathleen B. Barry
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601
    kanderson@winston.com
    ialy@winston.com
    ipoullaos@winston.com
    kbarry@winston.com