**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE CHAMBERLAIN GROUP, INC., ) | Civil Action No.: 05 C 3449 |
| and JOHNSON CONTROLS INTERIORS ) | |
| LLC, ) | The Honorable Richard A. Posner |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| LEAR CORPORATION, ) | |
| Defendant. ) | |

**LEAR'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ADDITIONAL
LIMITATIONS ON LEAR'S § 282 FILING**

Lear hereby responds to Plaintiffs' Motion for Additional Limitations on Lear's § 282

filing. (D.I. 985.) In their motion, Plaintiffs raise old arguments regarding Lear's obviousness

defense that this Court has already decided and that, at best, go to the weight of the evidence

regarding Lear's obviousness defense. Plaintiffs' motion should be denied for several reasons:

First, Plaintiffs quarrel with this Court's decision denying Plaintiff's motion *in limine*

regarding certain prior art publications are, in fact, prior art. (D.I. 987 [19], Plaintiffs' Motion

15.) The Court found "plaintiffs have given no basis for doubting the dates on Lear's offered

publications are the actual publication dates." (*Id.*) And, no basis exists for reconsideration of

this ruling.

Second, Plaintiffs argue that Lear's prior art citations should be narrowed because some

of the references were before the Patent Office. But that fact does not go to the admissibility of

this evidence. It only goes to its weight. *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*,

796 F.2d 443, 447 (Fed. Cir. 1986).

Third, Plaintiffs also re-package an argument made in their Fed. R. Civ. P. 702 motion to

exclude the expert testimony of Dan Schonfeld regarding his obviousness analysis. Plaintiffs

argued that Dan Schonfeld failed to demonstrate a motivation to combine his prior art references. (D.I. 827 at 4-5.)  This Court has already rejected that challenge, (D.I. 883), and no basis exists for reconsideration.  Plaintiffs are attempting to apply a rigid formula, but both the Supreme Court and Federal Circuit have found that the obviousness analysis is "flexible," and can even incorporate "common sense."  *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 415, 421 (2007); *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1161 (Fed. Cir. 2007) ("An obviousness determination is not the result a rigid formula disassociated from the consideration of the facts of the case.  Indeed, the common sense of those skilled in the art demonstrates why some combinations would have been obvious where others would not.").

Lear and its expert Dan Schonfeld have set forth in detail why it would have been common sense and obvious to combine the elements of the prior art rendering the patent claims obvious, (D.I. 968), and the jury should hear the evidence.  After all, when the "entire body of prior art" has multiple references sufficient to render a patent claim obvious, a jury can fairly rely on "any combination of these references in reaching its obviousness verdict."  *Rothman v. Target Corp.*, 556 F.3d 1310, 1321 (Fed. Cir. 2009) ("Appellees proffered numerous prior art references during trial… The jury fairly could have relied on any combination of these references in reaching its obviousness verdict.").

Plaintiffs' motion for limitations on Lear's prior art and invalidity contentions should be denied.

Dated:  March 24, 2011          Respectfully submitted,

By:  /s/ Kimball R. Anderson

| | |
|---|---|
| Kimball R. Anderson | kanderson@winston.com |
| Imron T. Aly | ialy@winston.com |
| Ivan M. Poullaos | ipoullaos@winston.com |
| Kathleen B. Barry | kbarry@winston.com |

WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601

*Attorneys for Defendant and Counterclaim-Plaintiff Lear Corporation*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on March 24, 2011, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Illinois using the ECF System, which will send notification to counsel of record.  I also certify that I have sent the paper by Federal Express and e-mail to the following counsel:

Ruffin B. Cordell (DC #4458051)
FISH & RICHARDSON P.C.
1425 K Street, N.W.
Washington, DC 20005-3500
Telephone: (202) 783-5070

Katherine Kelly Lutton (CA #194971)
Tamara Fraizer
Katherine D. Prescott (CA #215496)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Telephone: (650) 839-5070

Frederic R. Klein (#3127304)
Frederick H. Cohen (#6204002)
GOLDBERG KOHN
55 East Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 201-4000

*Attorneys for Plaintiff*
*JOHNSON CONTROLS INTERIORS, LLC*

Karl Regan Fink
John F. Flannery
Rudy L. Kratz
Joseph F. Marinelli
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, IL 60603-3406
Facsimile: (312) 577-7007


*Attorneys for Co-Plaintiff*
*THE CHAMBERLAIN GROUP, INC.*

/s/ Kimball R. Anderson
    Kimball R. Anderson
    Imron T. Aly
    Ivan M. Poullaos
    Kathleen B. Barry
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL  60601
    kanderson@winston.com
    ialy@winston.com
    ipoullaos@winston.com
    kbarry@winston.com